Anthony T. Case, Esq. (SBN 149583)
Michele M. Angeles, Esq. (SBN 228004)
**FARMER CASE & FEDOR**
402 W. Broadway, Suite 1100
San Diego, California 92101
(619) 338-0300 / (619) 338-0180 (Fax)

Attorneys for Defendant
PAR, INC. dba PAR NORTH AMERICA

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>ABA RECOVERY SERVICE, INC., REPOSSESSION SPECIALISTS, PAR, INC. dba PAR NORTH AMERICA, FIRST ASSOCIATES LOAN SERVICING, LLC dba MEGA AUTO FINANCE, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 15CV1971 CAB KSC<br><br>**ANSWER ON BEHALF OF DEFENDANT PAR INC. dba PAR NORTH AMERICA TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>District Judge:   Hon. Cathy Ann Bencivengo / Courtroom 4C<br>Magistrate Judge: Hon. Karen S. Crawford<br>Action Filed:    September 3, 2015<br>Trial Date:      Not Yet Assigned |

COMES NOW Defendant PAR INC. dba PAR NORTH AMERICA, by and through counsel, and in Answer to Plaintiff's First Amended Complaint on file herein, states as follows:

1. In answer to paragraph 1, Defendant admits it has an agreement with Mega Auto Finance by which defendant forwards assignments to repossess automobiles to third parties who perform the actual repossession, and admits that Defendant forwarded an assignment from Mega Auto Finance for repossession of

///

Plaintiff's vehicle to ABA, as an independent contractor. Defendant otherwise denies the allegations in paragraph 1.

2. In answer to paragraph 2, Defendant denies each and every allegation contained in paragraph 2.

3. In answer to paragraph 3, Defendant denies each and every allegation contained in paragraph 3.

4. In answer to paragraph 4, Defendant denies each and every allegation contained in paragraph 4.

5. In answer to paragraph 5, Defendant denies each and every allegation contained in paragraph 5.

6. In answer to paragraph 6, admits the jurisdiction allegations in paragraph 6.

7. In answer to paragraph 7, Defendant admits the venue allegations in paragraph 7.

8. In answer to paragraph 8, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and denies such allegations.

9. In answer to paragraph 9, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and denies such allegations.

10. In answer to paragraph 10, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and denies such allegations.

11. In answer to paragraph 11, Defendant admits that it is an Indiana corporation. Defendant denies the remaining allegations in paragraph 11.

///

///

12. In answer to paragraph 12, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and denies such allegations.

13. In answer to paragraph 13, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and denies such allegations.

14. In answer to paragraph 14, Defendant denies each and every allegation contained in paragraph 14.

15. In answer to paragraph 15, Defendant realleges all responses to paragraphs 1-14 as though fully set herein.

16. In answer to paragraph 16, Defendant denies each and every allegation contained in paragraph 16.

17. In answer to paragraph 17, Defendant denies each and every allegation contained in paragraph 17.

18. In answer to paragraph 18, Defendant denies each and every allegation contained in paragraph 18.

19. In answer to paragraph 19, Defendant denies each and every allegation contained in paragraph 19.

20. In answer to paragraph 20, Defendant admits that the cited statutes exist, however, Defendant denies any violations of such statutes.

21. In answer to paragraph 21, Defendant denies each and every allegation contained in paragraph 21.

22. In answer to paragraph 22, Defendant denies each and every allegation contained in paragraph 22.

23. In answer to paragraph 23, Defendant denies each and every allegation contained in paragraph 23.

///

24. In answer to paragraph 24, Defendant realleges all responses to paragraphs 1-23 as though fully set herein.

25. In answer to paragraph 25, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and denies such allegations.

26. In answer to paragraph 26, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 and denies such allegations.

27. In answer to paragraph 27, Defendant denies each and every allegation contained in paragraph 27.

28. In answer to paragraph 28, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 and denies such allegations.

29. In answer to paragraph 29, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and denies such allegations.

30. In answer to paragraph 30, Defendant denies each and every allegation contained in paragraph 30.

31. In answer to paragraph 31, Defendant denies each and every allegation contained in paragraph 31.

32. In answer to paragraph 32, Defendant denies each and every allegation contained in paragraph 32.

33. In answer to paragraph 33, Defendant denies each and every allegation contained in paragraph 33.

34. In answer to paragraph 34, Defendant denies each and every allegation contained in paragraph 34.

///

35. In answer to paragraph 35, Defendant denies each and every allegation contained in paragraph 35.

36. In answer to paragraph 36, Defendant realleges all responses to paragraphs 1-35 as though fully set herein.

37. In answer to paragraph 37, Defendant denies each and every allegation contained in paragraph 37.

38. In answer to paragraph 38, Defendant denies each and every allegation contained in paragraph 38.

39. In answer to paragraph 39, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 and denies such allegations.

40. In answer to paragraph 40, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and denies such allegations.

41. In answer to paragraph 41, Defendant denies each and every allegation contained in paragraph 41.

42. In answer to paragraph 42, Defendant denies each and every allegation contained in paragraph 42.

## FIRST AFFIRMATIVE DEFENSE

43. Defendant is informed and believes and on that basis alleges that Plaintiff's First Amended Complaint fails to state a claim against Defendant for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

44. Defendant is informed and believes and upon such information and belief alleges that at all times mentioned herein, if any Defendant was negligent, the conduct of all other parties, both known and unknown, should be compared to determine the degree of fault, if any, between the parties.

### THIRD AFFIRMATIVE DEFENSE

45. Defendant is informed and believes and upon such information and belief alleges that at all times mentioned herein, Plaintiff was negligent, careless and reckless and unlawfully conducted herself so as to substantially contribute to Plaintiff's alleged injuries and damages compared to the conduct of all other parties, all of which said negligence either bars in whole or in part damages sought herein.

### FOURTH AFFIRMATIVE DEFENSE

46. Defendant is informed and believes and upon such information and belief alleges that at the time and place of the incident alleged in Plaintiff's First Amended Complaint, the Plaintiff knew of the danger and risk incident to the undertaking, but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed herself to all risk of harm and the consequential injuries and damages, if any, therefrom.

### FIFTH AFFIRMATIVE DEFENSE

47. Defendant is informed and believes and thereon alleges that in the event Plaintiff should establish any liability on the part of this answering Defendant, which liability is expressly denied, this answering Defendant may not be obligated to pay sums representing a proportion or percentage of fault not his/her own, but that of Plaintiff, other parties to this action and third persons not parties to this action. Defendant is entitled to an adjudication and determination of the respective proportions or percentages of fault, if any, on this answering Defendant's part and on the part of the Plaintiff and other parties to this action and third persons not parties to this action pursuant to the Doctrines of Comparative Negligence and the Fair Responsibility Act of 1986, codified in Civil Code §1431-1431.5.

///

## SIXTH AFFIRMATIVE DEFENSE

48. Defendant is informed and believes and thereon alleges that at all times mentioned herein, if any defendant was negligent, co-defendants, both known and unknown, were negligent, careless and reckless and unlawfully conducted themselves so as to substantially contribute to Plaintiff's injuries, damages and losses, and said negligence, if any, either bars in whole or in part damages sought herein against this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

49. Defendant is informed and believes and thereupon alleges that its action or inaction was not the sole, legal or proximate cause of the incidents upon which liability is based or damages awarded, if any, and that damages awarded, if any, must be apportioned according to the respective fault of all parties, persons or entities, or their agents, servants and employees, whether or not parties to this litigation, who contributed to or caused the incidents or damages alleged in the First Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

50. This answering Defendant is informed and believes and thereon alleges that the negligence, if any, of this answering Defendant was not a substantial factor in bringing about the Plaintiff's alleged injuries and damages, and therefore was not a contributing cause thereof, but was superseded by the negligence of others, whose negligence was an independent, intervening, superseding and a proximate cause of any injury or damage suffered by the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

51. Defendant is informed and believes and upon such information and belief alleges that Plaintiff has failed to mitigate the damages referred to in the

First Amended Complaint, barring relief, in whole or in part, as to this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

52. This answering Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by Plaintiff's own willful misconduct.

### ELEVENTH AFFIRMATIVE DEFENSE

53. This answering Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

54. This answering Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. This answering Defendant is informed and believes and thereon alleges that the First Amended Complaint and the averments thereof are uncertain, vague and ambiguous.

### FOURTEENTH AFFIRMATIVE DEFENSE

56. This answering Defendant is informed and believes and thereon alleges that the First Amended Complaint and every cause of action contained therein, is barred by the provisions of California Code of Civil Procedure Sections 337, 337.1, 337.15, 338, 339, 339.5, 340, 342, 343, as well as Civil Code Section 2079.4, and any and all other applicable statutes of limitation.

### FIFTEENTH AFFIRMATIVE DEFENSE

57. This answering Defendant is informed and believes and thereon alleges that Plaintiff has voluntarily engaged in wrongful and bad faith conduct and activities with respect to the matters and transactions referred to in the First Amended Complaint herein, barring any and all relief against this answering Defendant under the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

58. This answering Defendant is informed and believes and thereon alleges that Plaintiff's claims that Defendant engaged in unfair debt collection practices in violation of the Fair Debt Collections Practices Act and California Civil Code §§1788, et seq., are barred by other provisions of Federal and California State law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

59. This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

60. This answering Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct and activities, pursuant to which she has waived any and all claims and/or causes of action she may have against this answering Defendant.

## NINTEENTH AFFIRMATIVE DEFENSE

61. This answering Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct and activities by reason of which she is estopped to assert any claim or cause of action against this answering Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

62. This answering Defendant is informed and believes and thereon alleges that Plaintiff has not suffered any injury or damage whatsoever, and further denies that Defendant is liable to Plaintiff for any injury or damage whatsoever.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

63. This answering Defendant is informed and believes and thereon alleges that this Defendant has met all appropriate standards for professional

conduct according to all rules promulgated in the Business and Professions and Civil Code Sections.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

64. This answering Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, because the alleged acts of Defendant, forming the basis of the First Amended Complaint, were lawful, explicitly approved and/or exempt from prosecution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

65. This answering Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or in part, because Defendant, at all times, acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiff's or any duty owed to Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

66. This answering Defendant is informed and believes and thereon alleges that the alleged representations are not actionable statements of fact under applicable law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

67. This answering Defendant denies each and every claim of Plaintiff and denies that Defendant engaged in any wrongdoing or error of any kind. However, should any alleged error be identified, then Plaintiff's claims are barred because any alleged error on Defendant's part was a bona fide error notwithstanding Defendant's use of reasonable procedures adopted to avoid any such error.

///

///

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

68. This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to set forth facts sufficient to support an award for attorneys' fees.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

69. This answering Defendant is informed and believes and thereon alleges that it is entitled to the reasonable value of its attorneys' fees, costs of suit and other litigation expenses incurred in the defense of this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

70. This answering Defendant is informed and believes and thereon alleges that the First Amended Complaint and the purported causes of action alleged therein fail to set forth facts sufficient to allow for recovery of punitive or exemplary damages from Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

71. This answering Defendant is informed and believes and thereon alleges that the First Amended Complaint, to the extent it seeks punitive or exemplary damages, violates the rights of Defendant to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

## THIRTIETH AFFIRMATIVE DEFENSE

72. This answering defendant alleges that plaintiff lacks the standing to bring suit against this answering defendant before this Court.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

73. This answering defendant alleges that the negligent actions of others constitute superseding, intervening causes of Plaintiff's alleged injuries and/or damages.

///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

74. This answering defendant alleges that Plaintiff's First Amended Complaint and each purported cause of action therein are barred by the doctrines of express and implied consent by Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

75. This answering Defendant is informed and believes and thereon alleges that the Plaintiff's First Amended Complaint, and each cause of action therein, is stated in conclusory terms, and therefore said Defendant cannot fully anticipate all affirmative defenses which may be applicable to this action. Accordingly, this answering Defendant reserves the right to add additional affirmative defenses.

WHEREFORE, this answering Defendant prays judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of the First Amended Complaint;

2. That Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3. For attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 2, 2016　　　　　　　**FARMER CASE & FEDOR**
By:

/s/ Anthony T. Case
ANTHONY T. CASE, ESQ.
MICHELE M. ANGELES, ESQ.
Attorneys for Defendant
PAR, INC. dba PAR NORTH AMERICA

**Case Name:** Thornton v. ABA Recovery Service, Inc., et al.
**Southern District Court of California:** 15CV1971 CAB KSC

### DECLARATION OF SERVICE

I hereby declare as follows:

I am, and was at the time of service of the papers referred to herein, over the age of eighteen (18) years, not a party to the action, and employed in the County of San Diego, State of California.  My business address is 402 W. Broadway, Suite 1100, San Diego, California  92101.

I caused to be served the following document(s):

**ANSWER ON BEHALF OF DEFENDANT PAR INC. dba PAR NORTH AMERICA TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

of which THE ORIGINAL DOCUMENT OR A TRUE AND CORRECT COPY is attached hereto, addressed to each such addressee respectively as follows:

Alexander B. Trueblood, Esq.
Trueblood Law Firm
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024
(310) 443-4139 / Fax: (310) 943-2255
alec@hush.com
**COUNSEL FOR PLAINTIFF
JOSEPHINE THORNTON**

☒ **BY CM/ECF:**  I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send an email notification of such filing to the person(s) so designated above.

☐ BY E-MAIL:  I caused said document(s) to be delivered via electronic mail (e-mail) to the person(s) so designated above.

☐ BY U.S. MAIL: I placed each sealed, prepaid envelope for collection and mailing at 402 W. Broadway, San Diego, California, 92101.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

☐ BY FACSIMILE: I caused said document(s) to be transmitted by facsimile transmission.  The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth above.  The sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ BY OVERNIGHT MAIL: I caused said document(s) to be deposited in a box or other facility regularly maintained by an express service carrier providing overnight delivery in an envelope or package designated by the express service carrier with delivery fees paid or provided.

95-9024

DECLARATION OF SERVICE

☐BY PERSONAL SERVICE: I caused such document(s) to be hand-delivered to the person(s) served hereunder.  A separate Proof of Personal Service will be provided.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed February 2, 2016.

                                                  */s/ Christina Fedor*
                                                  Christina Fedor

95-9024

DECLARATION OF SERVICE