# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION/SUMMARY OF ARGUMENT

At the center of the instant motion is the correct name of the responding defendant. Plaintiff Josephine Thornton ("Plaintiff") filed her original Complaint against ABA RECOVERY SERVICE, INC. and PAR, INC. DBA PAR NORTH AMERICA on September 3, 2015. Defendant filed an Answer on behalf of REPOSSESSION SPECIALIST, INC. DBA ABA RECOVERY SERVICE, INC. Plaintiff then filed her First Amended Complaint against ABA RECOVERY SERVICE, INC., REPOSSESSION SPECIALISTS, PAR INC, DBA PAR NORTH AMERICA, and FIRST ASSOCIATES LOAN SERVICING, LLC DBA MEGA AUTO FINANCE on January 13, 2016. On February 2, 2016, moving party, erroneously filed its Answer on behalf of REPOSSESSION SPECIALIST, INC. (singular). The Answer should have named Repossession Specialists (plural). Trial has not been set.

Once moving party learned of the error, the parties attempted to avoid the instant motion by stipulating to an amended Answer. The parties were unable to agree on the stipulation's language. REPOSSESSION SPECIALIST now seeks leave from the Court to file an amended Answer with its correct legal name, REPOSSESSION SPECIALISTS.

## II. ARGUMENT

Defendant REPOSSESSION SPECIALIST seeks leave to amend its Answer to Plaintiff's First Amended Complaint to reflect its correct name, REPOSESSION SPECIALISTS.

Under Federal Rule of Civil Procedure 15, a party may amend its pleading with the opposing party's written consent or the court's leave. Once defense counsel learned of the error, she attempted to gain the written agreement of Plaintiff for leave as the time to amend within right had passed. Fed. R. Civ. Proc. 15(a)(1)(A).

3

DEFENDANT REPOSSESSION SPECIALIST, INC. NOTICE OF MOTION AND
MOTION FOR LEAVE TO FILE AMENDED ANSWER

15CV1971-CAB-KSC

Counsel provided a proposed stipulation for consideration and execution by Plaintiff's counsel. Counsel for Plaintiff proposed a different stipulation. However, Plaintiff's stipulation appeared to focus more on Plaintiff's First Amended Complaint rather than the amended answer of Defendant. So moving party felt that court intervention was necessary.

"[T]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Ninth Circuit has made clear that "[i]n exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987), quoting U.S. v. Webb, 655 F.2d 977, 79 (9th Cir. 1981). Four commonly used factors to evaluate the propriety of a motion for leave to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Leighton, supra, 833 F.2d at 186 (9th Cir. 1987).

Here, moving party seeks leave to amend its Answer for the sole purpose of correcting a mistake in the identification of the responding party included in its Answer to Plaintiff's First Amended Complaint, which was also done in responding to Plaintiff's original Complaint. Should leave of court be granted, moving party will also correct the Notice of Interested Parties filed with its response to Plaintiff's original Complaint to correctly identify the interested parties. REPOSSESSION SPECIALIST does not seek leave to delay litigation or to prejudice the Plaintiff. In fact, REPOSSESSION SPECIALIST seeks leave, in good faith, in order to correctly identify itself in this suit and move this case forward. Accordingly, Defendant REPOSSESSION SPECIALIST seeks the Court's leave to amend its Answer to Plaintiff's First Amended Complaint in order to correct its name, a true and correct copy of which is lodged herewith.

### III. CONCLUSION

As discussed above, Defendant REPOSSESSION SPECIALIST seeks leave to amend its Answer to Plaintiff's First Amended Complaint to reflect its proper name.

Dated: March 16, 2016

**FARMER CASE & FEDOR**
By:

/s/ Anthony T. Case
ANTHONY T. CASE, ESQ.
MICHELE M. ANGELES, ESQ.
Attorneys for Defendant
REPOSSESSION SPECIALIST